[No. 16247.  Department One.  February 19, 1921.]

THE STATE OF WASHINGTON, *Respondent,* v. WALTER L. WALLACE, *Appellant.*[1]

CRIMINAL LAW (191)—CONTINUANCE—GROUNDS—DISCRETION. It is discretionary to deny a continuance in a criminal case for want of necessary witnesses, and not error where the affidavits did not sufficiently comply with Rem. Code, § 2135.

CRIMINAL LAW (444)—APPEAL—REVIEW—HARMLESS ERROR. Error in setting a case for trial without strict compliance with statutory requirements is cured by resetting the case for a later date.

Appeal from a judgment of the superior court for Pierce county, Fletcher, J., entered June 9, 1920, upon a trial and conviction of first degree assault. Affirmed.

*Guy E. Kelly* and *Thomas MacMahon,* for appellant. *J. W. Selden* and *Rex S. Roudebush,* for respondent.

PER CURIAM.—The appellant, on February 19, 1920, was charged by information with the crime of assault in the first degree. On April 3, he filed a plea of not

[1]Reported in 195 Pac. 993.

guilty and an affirmative defense of insanity. On May 18, he was brought into court, informed that his attorneys had withdrawn from the case, and that the trial thereof would be set for May 24. He then got into communication with his present attorneys, who, before they would accept the defense, secured from the court the resetting of the case for May 28. On May 24, a motion was made for a further continuance. Accompanying the motion was an affidavit setting forth that the attorneys had not had sufficient time to prepare properly for the trial, and that material witnesses lived in Yakima whose addresses were not known, and that the case had been set for trial without notice to the defendant. The motion was denied. The case proceeded to trial; the defendant was convicted, and appeals, assigning two errors: first, that the court should have granted his motion for a continuance; and second, that the court was in error in setting the case for trial without notice.

The matter of granting a continuance is within the discretion of the court, and, as said in *State v. Conner*, 107 Wash. 571, 182 Pac. 602:

"The frequent abuse of the right to obtain a continuance has induced stricter vigilance by the courts to prevent such abuse. The very nature of the relief requested is such that the decision of the question necessarily rests almost entirely upon the discretion of the trial court, and we are not inclined to interfere with such discretion unless abused to the extent of prejudicing the applicant's right to a fair trial."

The affidavit accompanying the motion for continuance did not sufficiently comply with the requirements of the statute, Rem. Code, § 2135, to call for the court making an order other than that which it made. *State v. Newton*, 29 Wash. 373, 70 Pac. 31; *State v. Vance*, 29 Wash. 435, 70 Pac. 34. An examination of the record

before us will not permit us to say that the appellant's right to a fair trial was prejudiced by the action of the superior court.

Upon the second error assigned, it is sufficient to say that, although it might be held that the setting of the case on May 18, was not in strict compliance with the statutory requirement, that informality was cured by the action of the court on the same day by resetting the case for May 28.

We find nothing in the record to reverse the judgment, which is therefore affirmed.