[No. 34162. Department One. December 12, 1957.]

OTIS BLAKEY, *Respondent*, v. DOROTHY M. BLAKEY, *Appellant*.[1]

*Miracle, Treadwell & Pruzan*, for appellant.

*Leon L. Wolfstone* and *Barbara Ohnick*, for respondent.

PER CURIAM.—This divorce action involves neither custody of children nor disposition of property.

The parties were married December 8, 1952. It was the first marriage for defendant wife; the second for plaintiff husband, whose first marriage lasted nearly twenty-four years, terminating in 1951 upon his wife's death. There were no children of either marriage. Both plaintiff and defendant had considerable property at the time of their marriage, as well as at the time of trial, with separate incomes during coverature. At the time of trial, plaintiff was fifty-seven and defendant forty-five years of age.

The trial court found:

"That during the married life of the parties the defendant has treated the plaintiff with extreme cruelty and has imposed upon him grievous personal indignities . . . and

[1]Reported in 318 P. (2d) 958.

did thereby evidence her distrust and lack of confidence in the plaintiff, causing him grievous indignity and causing him to experience mental cruelty at the hands of the defendant."

It would add nothing to the case law of this jurisdiction to set forth the facts appearing in the voluminous record before us. It is sufficient to say that "the presumption of validity which we accord findings of the trial court tips the balance favorably in the direction" of respondent. *Detjen v. Detjen*, 40 Wn. (2d) 479, 483, 244 P. (2d) 238 (1952). We cannot say that the evidence preponderates against the findings of the trial court.

Appellant's assignment of error, directed to the court's refusal to allow her attorney's fees and costs, is without merit. Need was not shown; in fact, the contrary appears. *Koon v. Koon*, 50 Wn. (2d) 577, 581, 313 P. (2d) 369 (1957). For the same reason, each party will bear his costs on this appeal.

The decree is affirmed.