[No. 34305. Department One. March 13, 1958.]

ELIZABETH C. AKINS, *Appellant*, v. EDWARD S. AKINS, *Respondent*.[1]

*Frederick B. Cohen, John E. Bowen,* and *John Sterbick,* for appellant.

*Greenwood, Shiers & Presser,* for respondent.

PER CURIAM.—November 28, 1951, Elizabeth C. Akins and Edward S. Akins (each approximately forty-four years of age) were married. No issue resulted from this marriage. Elizabeth Akins' minor child by a previous marriage lived with them.

[1]Reported in 322 P. (2d) 872.

July 16, 1956, Elizabeth Akins commenced this action for divorce, alleging personal indignities. Edward Akins answered, denying the allegations of the complaint, and cross-complained for a divorce upon the same grounds. Plaintiff's reply denied the allegations of the cross-complaint. Upon the issues thus joined, the cause proceeded to trial.

From the decree granting a divorce to both parties and making a property division, Mrs. Akins has appealed.

■ Appellant contends that the court erred in finding that both parties were guilty of personal indignities and in granting the respondent a divorce. Respondent has not cross-appealed. The parties will, therefore, remain divorced regardless of whether or not the respondent should have been granted a divorce. If the court erred in this regard, it is not prejudicial. *Smith v. Smith,* 45 Wn. (2d) 672, 277 P. (2d) 339 (1954); *Merkel v. Merkel,* 39 Wn. (2d) 102, 234 P. (2d) 857 (1951).

■ It is next contended by appellant that there was an unjust and inequitable community property division. A wide latitude of discretion is allowed a trial court in the division of property as part of a divorce decree. *Murphy v. Murphy,* 44 Wn. (2d) 737, 270 P. (2d) 808 (1954); *Toivonen v. Toivonen,* 44 Wn. (2d) 473, 268 P. (2d) 456 (1954). The evidence in the instant case as to the contributions of the parties to the community property was conflicting. Our review of the record convinces us that the trial court did not abuse its discretion.

■ Finally, appellant's request that this court grant an allowance of attorneys' fees for this appeal is denied, for the reason that appellant did not show a financial need. *Blakey v. Blakey, ante* p. 404, 318 P. (2d) 958 (1957); *Koon v. Koon,* 50 Wn. (2d) 577, 313 P. (2d) 369 (1957).

The decree is affirmed. Neither party will recover costs.