[No. 37383. Department One. March 18, 1965.]

THE STATE OF WASHINGTON, *Respondent,* v. GARY M. NETTLETON, *Appellant.**

*Eugene T. Golden,* for appellant.

*Clarence J. Rabideau* and *Laurence S. Moore,* for respondent.

HILL, J.—Gary Nettleton was found guilty of rape, burglary in the second degree, and three counts of attempted escape. His counsel on this appeal did not represent him at the trial.

There was substantial evidence to sustain the verdict on each count. Nettleton did not testify, so the jury had no version of the incidents on which the escape charges were based, except that of the state's witnesses which it was entitled to accept. The defense to the rape and burglary charges was an alibi. The jury, obviously, did not believe the alibi witness who was rather effectively impeached.

From the judgments and sentences, the defendant appeals. Two of his contentions merit discussion. It is urged that the trial court should have given an instruction, cau-

*Reported in 400 P. (2d) 301.

tioning the jury in the matter of the weighing of the uncorroborated testimony[1] of accomplices.

■ Such an instruction was never requested. Its necessity is urged for the first time on this appeal. This is not such an instruction as a trial judge must give in the absence of a request. It is simply a buttress to the argument that counsel can always make—that an accomplice (particularly one who is not being prosecuted for the offense) need not be believed. We have never gone further than to hold that, under certain conditions, the failure to give such a cautionary instruction on request may constitute reversible error. *State v. Gross* (1948), 31 Wn. (2d) 202, 216, 196 P. (2d) 297.[2] There having been no request, the trial court did not err in failing to give the cautionary instruction.

It is also urged that the reference by a deputy sheriff to the fact that "five other pictures out of our parole file

---

[1] In the instant case, there was evidence from officers in the Franklin County jail (including pictures) that there had been an attempt to pry through a steel floor in that jail, and that on two occasions there had been an attempt to saw through steel bars therein. The defendant was where he could have participated in these endeavors. While only the accomplices testified that he did so participate (who else could have so testified), this does not, in our opinion, constitute a situation where the conviction rests on the uncorroborated testimony of the accomplices.

[2] Judge Steinert, in *State v. Gross, supra,* said:

"It appears to be well-established law in this state that, while a defendant may be convicted on the uncorroborated testimony of an accomplice, provided that all the evidence and circumstances in the case satisfy the honest judgment beyond a reasonable doubt of the defendant's guilt, nevertheless the trial court should carefully caution the jury, in such cases, in the matter of weighing uncorroborated testimony, and should warn it against a conviction on such testimony; and the failure to give such instruction on request, where the testimony is uncorroborated, may constitute reversible error. . . .

"It is to be noted that this rule requiring the giving of a cautionary instruction applies only where the testimony of an accomplice is uncorroborated, and not where the testimony of such witness is corroborated by other evidence in the case.

"It is also the generally established rule that, while the corroborating evidence must be independent of the testimony of the accomplice, it is sufficient if it fairly tends to connect the accused with the commission of the crime charged; and it is not necessary that the accomplice be corroborated in every part of his testimony. . . ."

in the sheriff's office"[3] were among those submitted to the prosecuting witness on the rape and burglary charges, at the time the officers were trying to assist her in identifying her assailant, was so prejudicial to the defendant that a new trial should have been granted.

No one testified that the defendant, in this case, was a parolee. However, the jury could have inferred that the defendant's picture was one of the five taken from "our parole file."

It is clear that the reference to pictures from the parole file was unsolicited and unresponsive, and that the matter was not pursued further.

The trial court did not instruct the jury to disregard the statement (though the state suggested it), apparently feeling that it would merely give emphasis to a matter to which the jury may have attached no significance.

As in *State v. Johnson* (1962), 60 Wn. (2d) 21, 29, 371 P. (2d) 611, we recognize that the fact that even though a reference by a witness to "parole" was inadvertent, it would have substantially the same effect on a defendant's rights to a fair trial as would an intentional reference.[4]

■ The test is: Did the inadvertent remark, when viewed against the backdrop of all the evidence, so taint the entire proceedings that the accused did not have a fair trial? (It will be noted that we have omitted the words "which the jury was instructed to disregard," which immediately followed the word "remark" in a similar statement in the *Johnson* case, *supra*.) Whether or not it was

---

[3]There was also a reference to a picture of a parolee secured from Seattle "where this particular suspect had been sent up from." It was developed, by further testimony, that this was not a picture of the defendant, so not prejudicial.

[4]Whether the reference is inadvertent or intentional does affect our attitude toward the occurrence. If we are persuaded that a prosecuting attorney or a witness for the state is deliberately trying to deprive the defendant of a fair trial, we will assume that he succeeded in his purpose and grant a new trial. It would seem that our frequent discussions of this subject should, within the near future, serve to prevent the reference to a defendant as being on "parole" by all except the willful or the congenitally ignorant.

preferable to instruct the jury to disregard, for the reasons stated in that case, we will not consider. In the *Johnson* case, there was direct reference by a witness to the effect that the defendant had a parole officer; here, we have only an inference that the defendant's picture may have been one of the five taken from the "parole file."

In this case, the evidence seems quite conclusive. Identification was not an issue as to the three counts of attempted escape. It is clear that identification on the rape and burglary charges was based not alone on pictures, but on height, size, voice, clothes and a personal observation at the Pasco Police Station.

Viewed against the backdrop of all of the evidence, the trial court did not believe[5] that the statement complained of deprived the defendant of a fair and impartial trial; nor do we.

The judgment and sentence appealed from is affirmed.

ROSELLINI, C. J., OTT, HUNTER, and HALE, JJ., concur.

---

[5] It was the trial court's belief that a defendant had been denied a fair and impartial trial by a reference to his "parole officer" that distinguishes *State v. Taylor* (1962), 60 Wn. (2d) 32, 371 P. (2d) 617, in which we affirmed an order granting a new trial, from *State v. Johnson, supra,* which immediately precedes it in our reports, where we refused to grant a new trial on the basis of a similar statement.