[No. 38553.     Department One.     May 4, 1967.]

THE STATE OF WASHINGTON, *Respondent*, v. CHAUNCEY BAILEY, *Appellant*.*

*Reported in 426 P.2d 988.

*Ralph L. Hawkins, Jr.* (of *Howe, Davis, Riese & Jones*), for appellant (appointed counsel for appeal).

*Charles O. Carroll* and *David A. Berner,* for respondent.

DENNEY, J.†—The prosecuting attorney of King County by information charged Chauncey Bailey with two counts of robbery. He was found not guilty on one count and guilty on the other. A supplemental information was filed alleging several previous convictions. A jury found that Bailey had been four times previously convicted of crimes which amounted to felonies under the laws of the state of Washington and was thus an habitual criminal. Chauncey Bailey appeals from judgment and sentence entered upon the two verdicts. Counsel on appeal did not represent appellant at the trial on the robbery charge or at the habitual criminal trial. The conviction grows out of the robbery of O'Neill's Grocery in Seattle by Thomas William Schmall, Jr., who pleaded guilty to one count of robbery and became a witness for the state. He testified that appellant waited in his car while Schmall committed the robbery, and thereafter aided him in getting away. Schmall's version of appellant's connection with the crime was corroborated in part by a young man who saw Schmall enter the car driven by appellant immediately after the robbery. Appellant was also connected with the crime by the testimony of a motel proprietor where appellant had registered on the evening of the crime and by the testimony of police officers who apprehended Schmall and appellant in the latter's car shortly after the robbery in possession of the loot from the robbery. Appellant testified he was an innocent dupe in aiding Schmall in driving to and leaving the scene of the robbery

†Judge Denney is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

and knew nothing of the crime until Schmall forced him to drive away from the scene.

■ Appellant first contends that the failure of the trial court to give an instruction cautioning the jury in weighing the uncorroborated testimony of an accomplice was error. No request was made for such an instruction. This question was considered in the case of *State v. Nettleton*, 65 Wn.2d 878, 879, 400 P.2d 301 (1965), wherein we applied the general rule that failure to complain of the absence of an instruction at trial precludes its consideration on appeal. We said:

> It is urged that the trial court should have given an instruction, cautioning the jury in the matter of the weighing of the uncorroborated testimony of accomplices.
>
> Such an instruction was never requested. Its necessity is urged for the first time on this appeal. This is not such an instruction as a trial judge must give in the absence of a request. It is simply a buttress to the argument that counsel can always make—that an accomplice (particularly one who is not being prosecuted for the offense) need not be believed. We have never gone further than to hold that, under certain conditions, the failure to give such a cautionary instruction on request may constitute reversible error. *State v. Gross* (1948), 31 Wn. (2d) 202, 216, 196 P. (2d) 297. There having been no request, the trial court did not err in failing to give the cautionary instruction. (Footnotes omitted.)

*State v. Badda*, 63 Wn.2d 176, 385 P.2d 859 (1963), is cited as supporting appellant's contention that the instruction is so essential to a fair trial that no request need be made but must be given on the trial court's own initiative. The *Badda* conviction was reversed because of an accumulation of several errors which this court regarded as prejudicial, only one of which involved failure to instruct on weight of an accomplice's testimony. More importantly, the testimony of the accomplice in the *Badda* case was completely uncorroborated. Not so here. Appellant was arrested in the same automobile with the accomplice within a few minutes of the robbery and a witness had seen appellant with the accomplice immediately after the commission of

the crime. Nor does this assignment of error fall within the rationale of *State v. Case,* 49 Wn.2d 66, 298 P.2d 500 (1956), which involved misconduct of a deputy prosecuting attorney of so flagrant a character that no instruction could cure it and therefore objection was not essential to review of such misconduct. The *Nettleton* decision, *supra,* governs this case, and such an instruction is not required in the absence of a request.

■ During cross-examination appellant's counsel asked Schmall, "How is it Bailey always drove the car?" Schmall replied, "Well, Bailey has been made on armed robbery before." Appellant made no motion to strike nor was any request made that the jury disregard the answer, however, appellant now contends that in spite of the failure to complain or give the trial court a chance to direct the jury to disregard the answer, it was so prejudicial that the conviction should be set aside. We disagree. The question was asked by appellant's counsel. The answer was not unresponsive. No question of misconduct of the prosecuting attorney or of a police officer is involved. This is not the first nor the last time a damaging answer has been given during cross-examination. To hold that a defendant had not been given a fair trial because of the answer of a witness in response to a question by his counsel could go so far as to allow such defendant to invite error and then use it to invalidate a valid conviction. This cannot be done.

In any event, appellant testified and admitted many convictions. Brief reference by the witness to a former conviction was therefore not prejudicial. We cannot accept appellant's contention that he was forced to become a witness because of the incident. He maintained from the time of his arrest that he did not participate in the crime or knowingly aid Schmall. Appellant was required to and did voluntarily testify in order to present this defense, knowing he could be required to admit his numerous former convictions.

■ Appellant next contends that the trial court abused its discretion in denying a continuance of the habitual criminal hearing. Trial of the habitual criminal charge was

held on July 22, 1965. On June 14, 1965, Mr. Patrick McEligot was appointed to represent appellant at the habitual criminal hearing, replacing the attorney who represented him at the trial of the robbery charge. On June 30, 1965, notice of the intention of the state to endorse the name of the court reporter in the robbery trial as a witness was served on counsel who represented appellant at the robbery trial rather than on Mr. McEligot. Notice of intention to use this witness did not come to Mr. McEligot's attention until the day before the trial of the habitual criminal matter. The witness was to read appellant's testimony regarding his previous convictions given while testifying in his own behalf in the robbery trial. We cannot commend the prosecution in failing to give proper notice, but we cannot find that appellant was prejudiced by denial of a continuance. The facts surrounding the witness's testimony were within the appellant's knowledge and he could advise his attorney on the accuracy of such testimony; therefore no particular preparation was necessary to counteract it. Under these circumstances we can find no abuse of discretion. We have said in *State v. Moe,* 56 Wn.2d 111, 114, 351 P.2d 120 (1960), regarding continuances in criminal cases:

> Granting or denying a continuance in a criminal proceeding rests within the sound discretion of the trial court. *State v. Waite,* 141 Wash. 429, 251 Pac. 855 (1926); *State v. Wallace,* 114 Wash. 586, 195 Pac. 993 (1921). The court's exercise of discretion will not be disturbed on appeal unless it is affirmatively shown by the record that the court abused its discretion. *State v. Collins,* 50 Wn. (2d) 740, 314 P. (2d) 660 (1957).

Appellant contends that the trial court erred in permitting the court reporter to read his original shorthand notes at the habitual criminal trial. These notes recorded appellant's testimony at the trial of the substantive charge wherein appellant admitted former convictions. The theory upon which the testimony was admitted was that of "past recollection recorded." The foundation which must be laid

to permit such testimony is set out in the case of *State v. Benson*, 58 Wn.2d 490, 495, 364 P.2d 220 (1961), as follows:

The stenographer's notes appear to us to fall into the category of past recollection recorded and are admissible on this ground. The prerequisites for the admission of past recollection recorded are as follows: (1) The witness has no independent recollection of the facts, (2) the writing itself does not bring back any distinct recollection of the circumstances, (3) the writing was prepared concurrently (or almost) with the facts which it purports to record, (4) that the witness knew that the memorandum was true when written, and (5) that the memorandum or writing was an accurate and complete record of what transpired. See Past Recollection Recorded (1957), Trial Lawyer's Guide 249.

■ Proper foundation was laid by proof of all the prerequisites required by the rule permitting reading of notes constituting past recollection recorded. They were reduced to writing at the same time as the testimony; they were precisely what was said; they were complete and accurate. While the witness had no independent recollection of the testimony, nor did the notes refresh his recollection, they did constitute a reliable record of his past recollection. A vast majority of the courts in the country permit admission of this testimony. *Kinsey v. State*, 49 Ariz. 201, 65 P.2d 1141 (1937), and note following said case in 125 A.L.R. 3. Further discussion of the matter is found in 82 A.L.R.2d 520. The reading of the reporter's notes was proper.

■ Finally it is contended that appellant's right against self incrimination was violated by allowing the reporter to testify. Clearly appellant waived his right against self incrimination by voluntarily testifying at the robbery trial. Appellant was not forced to testify at the habitual criminal trial. Testimony by another at the later trial concerning appellant's admissions while a witness is admissible. They are as reliable, indeed more reliable, than most admissions because given in a judicial proceeding where all constitutional safeguards may be asserted. *State v. Hopkins*, 13

Wash. 5, 42 Pac. 627 (1895); *State v. Lyts,* 25 Wash. 347, 65 Pac. 530 (1901); Annot. 5 A.L.R.2d 1404 (1949).

The judgment of the trial court is affirmed.

FINLEY, C. J., WEAVER, ROSELLINI, and HALE, JJ., concur.