[No. 330-1.    Division One—Panel 1.    March 1, 1971.]

BETTY J. KING, *Appellant*, v. J. DAN KING, *Respondent*.

*Riner E. Deglow,* for appellant.

*Quackenbush, Dean & Smith* and *Jack R. Dean,* for respondent.

UTTER, J.—This is an appeal by a wife from those provisions of a divorce decree dividing the property of the parties and awarding alimony to the wife and child support for the children.

■ It is contended by the wife the trial court erred in refusing to charge the respondent husband with $5,700 in cash as part of his property, in the findings of fact. The uncontroverted testimony is that this money was stolen from him prior to trial and a theft report of the loss was made to the local police. The failure of the court to find this property existed was an obvious manifestation by the court of its belief the property no longer was in existence. The findings the court enters are only those determined to have been established by the evidence. The court is not required to enter negative findings or findings that a certain fact has not been established. *Miller v. Geranios,* 54 Wn.2d 917, 338 P.2d 763 (1959); *General Indus., Inc. v Eriksson,* 2 Wn. App. 228, 467 P.2d 321 (1970).

■■ Appellant urges us to try the case de novo which we decline to do. After examining the record, we cannot say the trial court ignored the equities and statutory guidelines set forth for its consideration in *DeRuwe v. DeRuwe,* 72 Wn.2d 404, 433 P.2d 209 (1967); and *Rehak v. Rehak,* 1 Wn. App. 963, 465 P.2d 687 (1970). The trial court's action disposing of the property of the parties, fixing sums for alimony and child support and awarding attorney's fees for the wife will not be reversed unless there is a manifest abuse of discretion. As we stated in *Rehak,* abuse of discretion will be found only where it can be said no reason-

able man would take the view adopted by the trial court. Guided by these principles, we find no abuse of discretion here. The findings of fact are supported by testimony in the record. These findings in turn support the conclusions of law and judgment.

■ Counsel for appellant requests an award of additional attorney's fees on appeal. The request is denied inasmuch as she was awarded substantial assets and there has not been a persuasive showing of financial need on her part. *Akins v. Akins*, 51 Wn.2d 887, 322 P.2d 872 (1958).

The judgment of the trial court is affirmed.

HOROWITZ, C.J., and WILLIAMS, J., concur.

Petition for rehearing denied March 31, 1971.
Review denied by Supreme Court May 6, 1971.