[No. 335-1.    Division One—Panel 1.    March 29, 1971.]

GLORIA M. MURRAY, *Appellant,* v. JACK C. MURRAY, *Respondent.*

*Oswald & Brown* and *R. M. Oswald,* for appellant.

*Clodfelter, Lindell & Carr* and *Rocky V. Lindell,* for respondent.

PER CURIAM.—Gloria Murray appeals from the action of the court in a divorce case wherein certain findings of fact were made which, using her valuation, awarded 60 per cent of the property of the parties to her husband and 40 per cent of the property to her. She also disputes the limited amount of alimony awarded her.

The court's award of property could be arguably said to have favored the husband. The findings established, however, that the husband contributed separate property to the marriage in the form of earnings, cash and inheritance

and that Mrs. Murray contributed no separate property. The trial court's disposition of the property will be interfered with only where there is an abuse of discretion. This would exist if no reasonable man would take the view adopted by the trial court. *Rehak v. Rehak,* 1 Wn. App. 963, 465 P.2d 687 (1970). An examination of the record reveals the trial court did not abuse its discretion and considered the equities and statutory guidelines set forth for its consideration in *DeRuwe v. DeRuwe,* 72 Wn.2d 404, 433 P.2d 209 (1967) and *Rehak v. Rehak, supra.* The court's action in awarding limited alimony, while differing from what we might have done, cannot be said to amount to an abuse of discretion.

The obligation to pay over $5,000 in community bills was imposed upon Mr. Murray. No cash is available to pay these bills and substantial assets with a degree of liquidity in some of them were awarded to Mrs. Murray. We find no abuse of discretion in requiring each party to pay his own attorney's fees. Considering the assets awarded at trial, we find no compelling showing of financial need and the request for attorney's fees on appeal by Mrs. Murray is also denied. *Akins v. Akins,* 51 Wn.2d 887, 322 P.2d 872 (1958).

The judgment of the trial court is affirmed.