[No. 331-1. Division One—Panel 2. April 5, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. ROOSEVELT
BAKER, *Appellant*.

*Thomas A. Prediletto,* for appellant (appointed counsel for appeal).

*Christopher T. Bayley, Prosecuting Attorney,* and *John E. Oswald, Deputy,* for respondent.

PER CURIAM.—Roosevelt Baker was charged by information filed on October 16, 1969, with one count of unlawful possession of dangerous drugs and a second count of uttering a false and forged prescription for a dangerous drug. He appeals from judgment and sentence entered on a jury verdict of guilty on both counts.

He had in his possession at the time of arrest a hypodermic needle, syringe, and a bottle of pills with a prescription issued by Jordan's Pharmacy to one Mary Ivory for Actifed, an antihistamine. The pills in the bottle, however, proved to be Ritalin.

The issue at trial was whether Mr. Baker knowingly attempted to obtain drugs with a forged prescription and was

knowingly in possession of an unlawful and dangerous drug. He assigns error to the refusal of the trial court to grant his motion for continuance, made at the conclusion of the state's case, so that he could locate and call two witnesses: Mary Ivory and a detective.

The granting or denying of a motion for continuance rests within the sound discretion of the trial court and an appellate court will not disturb that ruling in the absence of an abuse of discretion. *State v. Miles,* 77 Wn.2d 593, 464 P.2d 723 (1970); *State v. Bailey,* 71 Wn.2d 191, 426 P.2d 988 (1967).

RCW 10.46.080 provides:

> A continuance may be granted in any case on the ground of the absence of evidence on the motion of the defendant supported by affidavit showing the materiality of the evidence expected to be obtained, and that due diligence has been used to procure it; and also the name and place of residence of the witness or witnesses; and the substance of the evidence expected to be obtained, and if the prosecuting attorney admit that such evidence would be given, and that it be considered as actually given on the trial or offered and overruled as improper the continuance shall not be granted.

Mr. Baker did not and could not comply with this statute. He did not know the place of residence of Mary Ivory although he suspected that she was somewhere in California. He filed no affidavit indicating the substance of the evidence that he expected to obtain from the witness. In the absence of compliance with RCW 10.46.080 there can be no complaint that the trial court abused its discretion in denying the motion for a continuance. *State v. Bates,* 52 Wn.2d 207, 324 P.2d 810 (1958).

In *State v. Sutherland,* 3 Wn. App. 20, 21, 472 P.2d 584 (1970) the court stated:

> The granting or denying of a motion for continuance rests within the sound discretion of the trial court, and the trial court's ruling will not be disturbed unless an abuse of discretion is shown. *State v. Miles,* 77 Wn.2d 593, 464 P.2d 723 (1970). Discretion is abused only where no reasonable man would take the view adopted by the

trial court. If reasonable men could differ as to the propriety of the action taken by the trial court, it cannot be said the trial court abused its discretion. *Rehak v. Rehak,* 1 Wn. App. 963, 465 P.2d 687 (1970).

Counsel for Mr. Baker moved for dismissal of the appeal under the ruling in *Anders v. California,* 386 U.S. 738, 18 L. Ed. 2d 493, 87 S. Ct. 1396 (1967). The procedural steps described in that opinion have been followed. We find no merit to the appeal. The motion to dismiss is granted.

Petition for rehearing denied September 14, 1971.