[No. 917-3.   Division Three.   July 1, 1975.]

CAROLE DAVIS, *Appellant*, v. BOYD J. DAVIS, *Respondent*.

*Edward F. Shea* and *Peterson, Taylor & Day*, for appellant.

*Boyd J. Davis*, pro se.

McINTURFF, C.J.—Mrs. Davis originally appealed from a decree of divorce as a result of *Payne v. Payne*, 82 Wn.2d 573, 512 P.2d 736 (1973), holding that a military pension was property subject to division in a divorce. This court remanded the matter back to the superior court for reconsideration in light of *Payne*. The court awarded Mrs. Davis

---

[15]*DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 372 P.2d 193 (1962).

$150 per month of Mr. Davis' monthly pension of $639. Mrs. Davis appeals from that award.

The primary issue presented by this appeal from a decree of dissolution is whether the court's award to Mrs. Davis of a portion of Mr. Davis' pension constituted a manifest abuse of discretion.[1]

The emphasis of Mrs. Davis' appeal concerns the contention that since she lived with her husband 20 of the 24 years he spent in the service, she should have received 10/24ths of his pension or approximately $266, instead of $150. Ultimately plaintiff's contention is that the division of property by the trial court did not meet the "just and equitable" standard required by RCW 26.09.080, and the court's division constituted a manifest abuse of discretion.

■ Wide discretion and latitude rests with the trial court in making the determination that a particular division of property meets the "just and equitable" standard found in RCW 26.09.080.[2] The fact that reasonable men can honestly differ as to what constitutes a just and equitable distribution of marital property will not provide the

---

[1]Petitioner was awarded $150 of Mr. Davis' monthly retirement amount of approximately $639. She was awarded two residences, one of which was appraised at $22,500 and had an equity of $18,500; and the other was appraised at $18,500 with an equity of $14,500. She was awarded a 1968 Mercury; all rights to pension and insurance which she has acquired through her employment at Seattle-First National Bank with a net salary of approximately $360 per month; an award of $75 per month as alimony until Mr. Davis retires and begins to receive his pension, at which time she will receive $150 per month of the pension; and the four children born of the marriage, two were minor age, born in January 1956, and December 1958, and Mr. Davis was required to pay Mrs. Davis $100 per month per child until the children reached the age of majority.

Mr. Davis was awarded a 1967 pickup and camper, a 16-foot motorboat with trailer, his life insurance, a tape recorder, golf clubs, hand tools, rifles, and personal effects. By the decree he was required to pay all community debts. Mr. Davis' base pay was $1,064.70. Additionally, he was. receiving a quarter's allowance in the amount of $191.70 and a subsistance allowance in the amount of $47.80.

[2]*Wilder v. Wilder*, 85 Wn.2d 364, 534 P.2d 1355 (1975); *Rogstad v. Rogstad*, 74 Wn.2d 736, 737, 446 P.2d 340 (1968); *Rehak v. Rehak*. 1 Wn. App. 963, 465 P.2d 687 (1970).

grounds upon which appellate courts may find a clear abuse of discretion.[3] A division of property in a dissolution proceeding under our statutes and case law does not mandate that it be accomplished with mathematical nicety.[4]

RCW 26.09.080 does not require a mathematically precise division of all marital property. Rather, it requires a "just and equitable" distribution of property. We find no manifest abuse of discretion in the court's distribution of property between Mr. and Mrs. Davis.

Counsel for petitioner requests that additional attorney's fees and costs be awarded pursuant to this court's authority under RCW 26.09.140. The trial court awarded the petitioner $1,000 as attorney's fees for the preparation and appearance at the remand hearing and for the preparation of the original appeal, and the sum of $248.45 for costs incurred for the preparation of the appeal taken prior to the remand by this court. Each party will bear his costs on this appeal.

Judgment of the superior court is affirmed.

GREEN and MUNSON, JJ., concur.

---

[3]*See Rehak v. Rehak*, 1 Wn. App. 963, 965, 465 P.2d 687 (1970).

[4]*DeRevere v. DeRevere*, 5 Wn. App. 741, 746, 491 P.2d 249 (1971); *Rehak v. Rehak*, 1 Wn. App. 963, 966, 465 P.2d 687 (1970).