348 So.2d 1206 (1977)
Hubert E. PENDLETON, Appellant,
v.
STATE of Florida, Appellee.
No. 76-1566.
District Court of Appeal of Florida, Fourth District.
July 22, 1977.
*1207 Richard W. Springer of Kohl, Springer & Springer, Palm Springs, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard P. Zaretsky, Asst. Atty. Gen., West Palm Beach, for appellee.
KOVACHEVICH, ELIZABETH A., Associate Judge.
Appellant-defendant appeals from a judgment of conviction of sexual battery using slight force, from an order denying motion for a new trial, and from a sentence of fifteen (15) years imprisonment. Of the five points involved in this appeal, one is particularly deserving of comment by this Court. Nevertheless, we affirm the trial court on all points raised.
The trial court was correct in permitting the State to introduce in its case-in-chief the testimony of the defendant that was given at a mistrial, held prior to this trial in which the defendant was convicted.
In the instant case, sub judice, defendant was arrested and charged with the crime of sexual battery pursuant to Florida Statute 794.011(4)(b). In the first trial of this cause before the Honorable Marvin Mounts, Circuit Judge, the jury was unable to reach a verdict and a mistrial was declared. Subsequently, a second trial was held before the Honorable James Stewart, Circuit Judge. During the presentation of the State's case-in-chief, the court allowed the State to call the court reporter from the mistrial as a witness, over the objection of the attorney for the defendant. The court reporter was permitted to testify that he was the official reporter during the mistrial; that the defendant was present at that time, and was the same man that was present in the courtroom for the instant proceedings, further identifying him by pointing to him, describing his clothing, and where he was seated. Continuing, the court reporter related that he had heard and recorded the sworn testimony of the five same witnesses who had testified in this second trial, and that their sworn testimony was given in the presence of the defendant. And then, the court reporter testified that the defendant took the witness stand, and denied under oath that he had given a statement to Detective *1208 Gabbard, who was one of the five said witnesses and had previously testified that the defendant had given him a statement, that the defendant admitted that he had been at the victim's address on the date of the offense, and, that the defendant acknowledged that he had engaged in sexual intercourse with the victim.
Defendant asserts that it would not have been much different if the court had allowed the State to subpoena the defendant and to call him as a witness during the State's case; the State was able to establish things in its case-in-chief through the use of the court reporter's testimony that it would not have been able to prove during its case. Further, the testimony of a defendant at a motion to dismiss or motion to suppress hearing cannot be used in a subsequent trial. The legislature repealed as of January 1, 1971, Section 902.12, Florida Statutes, that indicated that a defendant's testimony at a preliminary hearing was admissible during a trial, from which it may be inferred that it was the intent of the legislature to prevent such action. We disagree with these contentions by defendant, and refer both appellant and appellee to these authorities, cited hereinafter, to which neither side made reference to this Court.
In general, in the absence of a statute governing the situation, it has generally been held that a defendant who has taken the stand in his own behalf in a criminal prosecution, testifying without asserting his privilege against self-incrimination has waived the privilege as to the testimony given so that it may be used against him in a subsequent trial in the same case. See Warde v. United States (1946), 81 U.S.App.D.C. 355, 158 F.2d 651. Even if the defendant does not take the stand at a second trial, that does not prevent the use of his testimony given in a former trial if it would otherwise be admissible. See Edmonds v. United States (1959), 106 U.S.App.D.C. 373, 273 F.2d 108; United States v. Hughes (C.A. 2 1969), 411 F.2d 461. In United States v. Grunewald (D.C.N.Y. 1958), 164 F. Supp. 644, that court stated: "... Nor can it be argued persuasively that the use of the former trial testimony upon the present retrial constitutes improper pressure upon the defendant to take the stand, thus invading his privilege to remain mute. Presumably the defendant told the truth when he testified at the former trial with respect to the same transactions. The prosecution's use of that former testimony constitutes no more pressure than the prosecution's use of any other admission made by the defendant. That the prosecution's proof may tend to incriminate the defendant and the defendant may deem it desirable to take the stand does not spell out improper pressure. Inferences flowing from properly adduced evidence do not constitute a coercive force in violation of a defendant's Fifth Amendment privilege." See also Smith v. Slayton (D.C.W.D. Va. 1973), 369 F. Supp. 1213, and, United States v. Houp (C.A. 8, 1972), 462 F.2d 1338. Further, a court reporter's testimony, read from original shorthand notes taken during robbery trial at which defendant admitted former convictions, was admissible as past recollection recorded. State v. Bailey (1967), 71 Wash.2d 191, 426 P.2d 988.
Notwithstanding the foregoing, this Court notes with more than a passing interest the expressions made by the current members of the Florida Supreme Court in their review of a decision by this District Court of Appeal in Nowlin v. State, Supreme Court of Florida, 346 So.2d 1020, opinion filed May 26, 1977. Nevertheless, on the basis of the aforementioned authorities, we conclude that the trial court did not err in permitting portions of the defendant's testimony at the first trial to be used against him at the second trial, regardless of whether or not he testified at the second trial. Once he voluntarily waived his right against self-incrimination at the first trial, that former testimony was properly introducible at the second trial in the State's case-in-chief. For additional references, see also 5 A.L.R.2d 1408, Previous Trial for Same offense; 23 C.J.S. Criminal Law § 892b, Testimony of Accused, Page 511; 22A C.J.S. Criminal Law § 655, Former Evidence, Page 561, and, Section 733, Judicial Admissions, Page 1061.
*1209 On the other four points raised on appeal, this Court finds no harmful error. The trial court was correct in excluding evidence concerning the background of the victim of the sexual battery in the case at bar that would have allegedly impeached her credibility. It is well recognized in Florida that permission to allow cross examination as to certain subject matter is discretionary with the trial court. Whitley v. State (3 D.C.A. Fla. 1972), 265 So.2d 99; Urga v. State (2 D.C.A. Fla. 1963), 155 So.2d 719. Next, the trial court properly admitted into evidence the testimony of two female witnesses for the state involving similar modus operandi of the defendant which tended to corroborate the testimony given by the victim. Under Williams v. State (Fla. 1959), 110 So.2d 654, and interpretations thereof, Williams rule evidence of similar facts showing a method or scheme of an accused is admissible. The third point raised concerns the refusal of the trial court to instruct the jury concerning the weight to be given to the testimony of the victim of a sexual battery. The trial court decided to use the standard jury instruction rather than the special instruction requested by defendant, pursuant to Section 794.022, Florida Statutes. The trial court did not abuse its discretion; the use of the standard jury instruction cannot be claimed as error. Lastly, the trial court, in excluding evidence that the defendant passed a polygraph examination concerning his guilty, followed State v. Cunningham (3 D.C.A. Fla. 1975), 324 So.2d 173, wherein generally, polygraph test and information gleaned therefrom are not admissible evidence in any criminal proceeding. The results may be admitted into evidence upon stipulation between the state and defense counsel. There was no such stipulation herein, nor other basis that would justify an exception herein.
Accordingly, we affirm the trial court on all points.
AFFIRMED.
MAGER, C.J., and CROSS, J., concur.