412 So.2d 429 (1982)
Ernest HOLMES, Appellant,
v.
STATE of Florida, Appellee.
No. 80-1915.
District Court of Appeal of Florida, Fourth District.
April 14, 1982.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Reversed on the authority of Bell v. State, 394 So.2d 979 (Fla. 1981), and remanded for a new trial.
REVERSED AND REMANDED.
LETTS, C.J., and BERANEK, J., concur.
OWEN, WILLIAM C., Jr. (Retired), Associate Judge, dissents with opinion.
OWEN, WILLIAM C., Jr. (Retired), Associate Judge, dissenting:
Appellant was convicted by a jury of robbery with a weapon. Over his objection, the court denied his requested instruction that an intent to permanently deprive the victim is an essential element of the crime. My colleagues and I are in complete accord that this was clearly error, Bell v. State, 394 So.2d 979 (Fla. 1981). The point of my departure from the majority's decision to reverse and remand for a new trial is my firm conviction that beyond any doubt the error was harmless.
There are no disputes on the essential facts. On March 13, 1980, during daylight and regular business hours, appellant (together *430 with a codefendant, Wilford Morris), walked into a retail store and spoke briefly to the manager, Mr. Klein, concerning some merchandise. As Mr. Klein turned to go into the storeroom, appellant said, "This is a stickup. I have a gun." Initially, Mr. Klein was taken to a bathroom at the back of the store. When appellant and Morris were unable to open the cash drawer, they brought Mr. Klein back to the front of the store and forced him to open the cash drawer. After taking the cash and some merchandise, appellant and Morris fled the premises. Mr. Klein immediately notified the police, who shortly thereafter apprehended appellant and Morris and returned them to the store where Mr. Klein made a positive identification. A police officer corroborated the identification. Neither appellant nor Morris testified or offered any evidence. The case then went to the jury.[1]
On these facts there was not nor could there be any real issue or dispute on the element of intent to permanently deprive the victim. Williams v. State, 400 So.2d 542 (Fla. 3d DCA 1981), involved an instruction on robbery from which the court had omitted intent as an element. However, since Williams neither had requested an instruction on specific intent nor had objected to the court's failure to so instruct, the issue facing the Williams court was whether the error was so egregious as to be classified as fundamental, thus permitting it to be urged on appeal though not properly preserved in the trial court. Noting first that fundamental error, as defined in Castor v. State, 365 So.2d 701, 704 (Fla. 1978), is error which "must amount to a denial of due process," the Williams court concluded that the omission of the intent element from a robbery instruction is not fundamental error in the absence of a real dispute on that question. Accord, McMurtroy v. State, 400 So.2d 547 (Fla. 3d DCA 1981).
The Williams case is sound authority upon which to rely in concluding that the error did not deny appellant due process. Yet, I recognize that it has been broadly and generally stated in the jurisprudence of this state that an indispensable requisite of a fair and impartial trial under constitutional due process of law protection is the right to have the court correctly and intelligently instruct the jury on the essential and material elements of the crime charged.[2] My examination of representative cases which have enunciated and applied this general principle leads me to the conclusion that almost invariably the omission or misstatement in the instruction concerned an element of the offense (or in some instances, a defense) critical to the jury's being able to accord the defendant a fair trial.[3] Considered in that context, this broad general principle is not violated by the views I here espouse or by the holding in Williams v. State, supra.
Once it has been demonstrated that the error did not amount to a denial of due process, it becomes simply a question of whether the error resulted in a miscarriage of justice or injuriously affected the substantial rights of appellant. If it did, it was reversible error. If it did not, it was harmless. Turning to the uncontroverted evidence, it is conceivable that the jury could have concluded that the identification of appellant and his codefendant was not sufficiently credible to convict, or that Mr. Klein's testimony was not sufficiently credible *431 to establish with the requisite degree of proof that money or other property of value was taken from the person or custody of Mr. Klein by force, violence, assault or putting in fear. However, once the jury concluded (as it obviously did) that appellant and his codefendant were the culprits and had taken money or other property of value from the person or custody of Mr. Klein by force, violence, assault or putting in fear, it is totally inconceivable and beyond all comprehension that the jury could have failed to find from the evidence that appellant and Morris had every intent to permanently deprive the victim of the possession, use and enjoyment of the property. I am satisfied beyond all doubt, from an examination of the entire case, that the jury's verdict would necessarily have been the same had the court included in its instruction the element of intent to deprive. I necessarily conclude that the error did not prejudice appellant or Morris, nor did it result in any miscarriage of justice or injuriously affect the substantial rights of either, and therefore it was clearly within the contemplation of the harmless error statutes.[4] I would affirm the judgment.
I have not overlooked Hodge v. State, 393 So.2d 1188 (Fla. 3d DCA 1981) in which the court, in a brief per curiam opinion, citing Bell v. State, supra, reversed a robbery conviction and remanded for a new trial because the trial court erroneously had denied a requested instruction that intent to deprive is an essential element of the crime. While no facts are given in the Hodge opinion, we are told in Williams v. State, supra, at 545 n. 7, that intent to deprive was an issue in genuine dispute in the Hodge case, a clearly distinguishing factor.
For such value as it may have, coming as it does from the dissenting opinion, one other matter deserves comment. The state contends that since the court charged the jury in the language of the standard jury instruction, the given charge cannot be claimed as error, citing this Court's opinion in Pendleton v. State, 348 So.2d 1206, 1209 (Fla. 4th DCA 1977). The precise language in the Pendleton case, "... the use of the standard jury instruction cannot be claimed as error," when considered alone and out of context is overly broad, and should not be construed to confer infallibility on the standard jury instructions. The proper approach to the applicability and use of standard jury instructions has been repeatedly explicated in a number of cases. See, e.g., State v. Bryan, 287 So.2d 73 (Fla. 1973), cert. denied, 417 U.S. 912, 94 S.Ct. 2611, 41 L.Ed.2d 216 (1974); Davis v. State, 373 So.2d 382 (Fla. 4th DCA 1979), cert. denied, 385 So.2d 756 (Fla. 1980); Edwards v. State, 351 So.2d 358 (Fla. 4th DCA 1977).
NOTES
[1] At the charge conference the attorneys for appellant and his codefendant submitted a written request for a jury instruction that intent to deprive the victim is an essential element of the crime, citing the Supreme Court's opinion in Bell v. State, as it appeared in non-final form in 1980 FLW 114. The trial court's denial of the requested instruction may have been due to the fact that the Bell case was still pending in the Supreme Court on timely filed petition for rehearing, final disposition of which was not made until well after the trial. The court instructed the jury on the elements of robbery in accordance with the then current standard jury instruction in criminal cases, which, subsequent to the trial, was revised to include, as one of the elements of robbery, the intent of the offender to permanently deprive the victim.
[2] See, e.g., Gerds v. State, 64 So.2d 915 (Fla. 1953), and the numerous cases cited and discussed by Judge Schwartz in Williams v. State, 400 So.2d 542, 544-545 (Fla. 3d DCA 1981).
[3] Ibid.
[4] Section 59.041, Florida Statutes (1979) provides:

Harmless error; effect.  No judgment shall be set aside or reversed, or new trial granted by any court of the state in any cause, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence or for error as to any matter of pleading or procedure, unless in the opinion of the court to which application is made, after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice. This section shall be liberally construed.
Section 924.33, Florida Statutes (1979) provides:
When judgment not to be reversed or modified.  No judgment shall be reversed unless the appellate court is of the opinion, after an examination of all the appeal papers, that error was committed that injuriously affected the substantial rights of the appellant. It shall not be presumed that error injuriously affected the substantial rights of the appellant.