IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Marriage of )<br><br>SANDRA RAMIREZ, )<br>)<br>Respondent, )<br>)<br>and )<br>)<br>TOMAS RAMIREZ PENALOZA, )<br>)<br>Appellant, )<br>)<br>MARK D. WALDRON, )<br>)<br>Real Party in )<br>Interest. )<br>_____ ) | No. 76039-4-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: January 23, 2017 |

BECKER, J. — Sandra Ramirez and Tomas Ramirez Penaloza divorced after a 33 year marriage. Tomas challenges the property distribution and maintenance award. We affirm.

Sandra and Tomas were married in 1981. They have four children. Only one child remains dependent; he was 13 at the time of the decree. Throughout the marriage, Tomas's income was the family's primary source of support. He has owned and operated a reforestation business since 1989. Sandra has not worked outside of the home for over a decade.

Sandra filed for divorce in 2014. Tomas later removed $667,213 from the reforestation business and deposited these funds into personal accounts. Tomas transferred the funds to an attorney trust account after the court ordered him to do so.

The parties agreed to the values of their property by written stipulation dated June 2, 2015. Their assets totaled over $3 million. The agreed-upon value of the reforestation business was $1,619,500.

After a nine day bench trial, the court issued findings of fact and conclusions of law and a decree of dissolution on July 22, 2015. The court determined a roughly 50/50 property distribution was fair and equitable. Tomas's property award included 100 percent ownership of the reforestation business. Sandra's property award included the funds held in trust, including the $667,213 Tomas withdrew from business accounts.

Maintenance was awarded to Sandra at a rate of $10,000 per month for a minimum of 5 years and maximum of 11 years. The decree stated the court would review the maintenance obligation in 5 years to determine whether it should be modified.

Tomas moved for reconsideration. He requested that the court amend the final judgment and grant a new trial on the issues of property distribution and maintenance. He argued, in part, there was insufficient evidence to support the property and maintenance awards to Sandra because the court had not found that the reforestation business "would be left with efficient operating capital" to continue operations. The court denied Tomas's motion, stating, "The division of property decided at the conclusion of trial is fair to both parties." Tomas appeals.

Tomas argues the property distribution was not fair and equitable, as required under RCW 26.09.080, because the court failed to consider his economic circumstances. He contends the court erred by awarding nearly all of

the parties' liquid assets to Sandra, including the $667,213 that Tomas withdrew from the reforestation business.

We review property distributions for an abuse of discretion. In re Marriage of Crosetto, 82 Wn. App. 545, 556, 918 P.2d 954 (1996), citing In re Marriage of Wright, 78 Wn. App. 230, 234, 896 P.2d 735 (1995); see also Davis v. Davis, 13 Wn. App. 812, 813, 537 P.2d 1048 (1975) ("Wide discretion and latitude rests with the trial court" in distributing property).

Courts are required to make a just and equitable property distribution, considering all relevant factors. RCW 26.09.080. One relevant factor is the economic circumstances of each spouse when the distribution is to become effective. RCW 26.09.080. Other factors include the duration of the marriage, nature and extent of the community property, and each party's relative health, age, education and employability. RCW 26.09.080; Crosetto, 82 Wn. App. at 556. "An equitable division of property does not require mathematical precision, but rather fairness, based upon a consideration of all the circumstances of the marriage, both past and present, and an evaluation of the future needs of parties." Crosetto, 82 Wn. App. at 556.

The court made findings regarding the parties' ages, health, and earning capacities. The court considered the parties' economic circumstances. The court determined that Tomas operated a "quite successful" business and earned an average yearly income exceeding $300,000 from 2011 to 2013. Sandra, on the other hand, had been out of the workforce since 2003, when the parties decided she should stay home to care for their youngest child. She has obtained

no training or education since earning an associate's degree in the early 1990s. Tomas does not assign error to these findings. It is a reasonable inference, from these findings, that a just and equitable property award would confer greater liquid assets to Sandra—the party whose earning capacity is limited at present.

Tomas takes issue with the fact that Sandra received $667,213 in funds which he characterizes as "financial assets" or "working capital" of the reforestation business. He argues that "the division of assets by the Court did not include consideration of the amount by which the removal of $667,213.46" from the business "reduced the value of that company."

This argument is unpersuasive. Tomas withdrew the funds and placed them in personal accounts; the funds no longer constituted company assets when the court made its property distribution. Even assuming the funds constituted company assets, Tomas fails to explain why the court was not entitled to award them to either party, pursuant to the court's broad discretion to distribute property in a dissolution. In re Marriage of Wright, 179 Wn. App. 257, 261, 319 P.3d 45 (2013), review denied, 186 Wn.2d 1017 (2014).

Tomas stipulated to the value of the reforestation business prior to trial. The court relied on the stipulated value. When Tomas argued during posttrial proceedings that he should not be bound by the stipulated value because he did not foresee that the company would lose $667,213 to Sandra, the court rejected this argument:

> We were in trial on this case for a substantial amount of time. If Mr. Ramirez didn't agree with what Ramirez Reforestation was worth, the amount that was stipulated to, then why did he

4

stipulate to it? Why weren't we in court litigating it? Because it was not a situation where the Court decided the value of the company.

Tomas argues he should have been relieved from the stipulation, citing the principle that a trial court has discretion to relieve a party from a stipulation when it is shown that relief is necessary to prevent injustice. Stevenson v. Hazard, 152 Wash. 104, 110, 277 P. 450 (1929). Tomas fails to demonstrate relief is necessary to prevent injustice. It was foreseeable that the court might exercise its discretion to award funds to Sandra that Tomas had withdrawn from the business.

The court ordered Tomas to "claim as dividends" on his tax return the funds he removed from the reforestation business in 2014, including the $667,213 awarded to Sandra. Tomas argues the court further burdened him by requiring that the transfer of funds awarded to Sandra be treated as a dividend, thereby making Tomas and his business liable for substantial additional tax liabilities.

Tomas fails to support his claim regarding tax consequences with any citations to the record or relevant authority. His expert testified that there would be no tax consequences for the business associated with transferring money to the marital community. Regarding the impact of the court's decision on Tomas's personal tax obligations, he fails to demonstrate the court abused its discretion by requiring that he incur a liability of the marital community. A trial court in a dissolution proceeding may exercise discretion when apportioning liabilities. RCW 26.09.080.

Tomas contends the court relied on improper considerations when making the property distribution. He refers to the court's remark, at the hearing on reconsideration, that Tomas was determined to resist any distribution of property to Sandra. This remark does not reflect reliance on an improper consideration; it was merely an observation. And in any event, the written findings control our analysis. In re Marriage of Raskob, 183 Wn. App. 503, 519-20, 334 P.3d 30 (2014). The written findings support the property distribution. In sum, we find no abuse of discretion with respect to the property distribution.

Tomas challenges the award of spousal maintenance. We will not reverse absent an abuse of discretion. Crosetto, 82 Wn. App. at 558, citing In re Marriage of Mathews, 70 Wn. App. 116, 123, 853 P.2d 462, review denied, 122 Wn.2d 1021 (1993).

A trial court has direction in a dissolution to award maintenance in an amount and for a period of time "as the court deems just," considering all relevant factors. RCW 26.09.090(1). Relevant factors include the financial need of the party seeking maintenance and the ability of the spouse from whom maintenance is sought "to meet his or her needs and financial obligations while meeting those of the spouse or domestic partner seeking maintenance." RCW 26.09.090(1)(a), (f). Other factors include: the time necessary for the party seeking maintenance to find appropriate employment; the standard of living established during the marriage; the duration of the marriage; and the age, physical and emotional condition, and financial obligations of the spouse seeking maintenance. RCW 26.09.090(1)(b)-(e).

The findings entered by the trial court reflect consideration of relevant factors. The court determined Sandra had been out of the workforce for several years and could not "maintain her lifestyle or become self-supporting without assistance" from Tomas. The court concluded, "The wife has an ongoing need for spousal maintenance for 11 years and the husband has the ability to pay spousal maintenance for 11 years as he is being awarded the parties' business, which has historically afforded the parties a very high standard of living for the community in which they live."

Tomas contends the court failed to adequately consider whether he could afford the maintenance obligation while also meeting his own financial needs. Specifically, he argues the maintenance award was improper because the court did not find that his reforestation business "could continue to operate into the future after $667,213.46 had been removed from its operating capital funds." He contends the business has struggled to continue operating since the divorce proceedings began. This argument does not demonstrate error. The property distribution left Tomas with substantial assets.

Tomas fails to substantiate his claim that the business is failing. The only evidence he points to is a declaration submitted prior to trial by the accountant for the business, stating that the company needed greater working capital on deposit than it currently had. The record reflects that Tomas earns substantial income through his business.

Tomas contends there is insufficient evidence to support the court's finding of an ongoing need by Sandra of maintenance of $10,000 per month for

7

11 years. We disagree. The award is supported by findings that Sandra lacks current experience in the workforce; she last worked at part-time jobs many years ago, with top pay of $15.00 per hour; and the parties during the marriage become accustomed to a very high standard of living.

We find no abuse of discretion with respect to the property or maintenance awards. We also find no error in the order denying reconsideration.

Sandra requests attorney fees on appeal pursuant to RCW 26.09.140. Our discretion to award fees is guided by the relative resources of the parties and the merits of their positions on appeal. RCW 26.09.140. Sandra asserts that she has financial need, Tomas has the ability to pay, and that Tomas's decision to file an appeal is part of his "ongoing intransigence."

Sandra has substantial wealth. Tomas's decision to file an appeal, alone, does not demonstrate intransigence. His intransigence during the trial phase of this proceeding will not support an award of attorney fees on appeal. His claims on appeal are not meritless. We decline to grant Sandra's request for fees.

Affirmed.

_Becker, J._

WE CONCUR:

_Spearman, J._

_Dwyer, J._