DEKLE, Justice.
Forcible rape was the charge against defendant under Fla.Stat. § 794.01, F.S.A. which provided at the time of his conviction in 1970, that upon recommendation of mercy by the jury (as here), the punishment was imprisonment “for life, or for any term of years within the discretion of the judge.”[1] He received a sentence of life imprisonment but was thereafter committed as a mentally disordered sex offender under Fla.Stat. § 917.12 (1969) whereupon his life sentence was suspended. The cause reaches us by transfer from the Fourth District Court of Appeal by reason of challenges to the constitutionality of these statutes. Fla.Const. art. V, § 4(2), F.S.A.
Testimony discloses the following pertinent facts: The prosecutrix and her girlfriend were leaving the Central Florida Fairgrounds in Orlando about 11 p.m. when they found that prosecutrix’ car would not start. They sought assistance at a nearby gas station. Defendant was a customer there and asked what the problem was. The girls asked if he could provide a “jump” cable start from his car which he agreed to do. Defendant checked under the car hood and concluded that the prob *17 lem was a “coil”, so it was decided that defendant would drive them home.
After driving a circuitous route, the defendant brought the conversation around to “free love and free sex” and then “pulled out the gun and asked us if we had ever been raped before.” He later stopped his car in a secluded orange grove and ordered prosecutrix’ girlfriend at gunpoint into the back seat, lowered his Rambler front seats and pointing his gun at the prosecutrix beside him, told her to take off her slacks and underpants. She complied. “He had the gun on me.” Defendant then “undid his pants,” moved on top of her and penetrated her vagina with his sexual organ. He stayed on top for two or three minutes. In this position the victim had her hand pushing on his chest. Defendant was holding the pistol in his hand. The prosecutrix did not offer further resistance because she “thought he was going to kill me with his gun.” Immediately thereafter, defendant permitted the girls to leave and he drove away.
Defense witnesses included a medical examiner who said his examination of the prosecutrix revealed no evidence of force, and a psychiatrist who stated that if a girl said “no” to sexual intercourse with him, he would back down and not insist. (He did not elaborate on personal experiences.)
The challenge to the sufficiency of the evidence obviously falls upon a reading of this testimony which amply supports the necessary display of force.[2] On the same facts, the objections to sufficiency of the court’s instructions on force and resistance, consent, lack of outcry and failure of pros-ecutrix to attempt escape or to repel de-' fendant with physical resistance also fall, since the instructions come well within the facts. The applicable standard jury instructions approved by this Court were given.
Defendant’s separate pre-trial motions for a medical examination pursuant to Fla.Stat. § 917.12 (“mentally disordered sex offenders”) and for a bifurcated trial were denied. At a hearing pursuant to Fla.Stat. § 917.12 held subsequent to his conviction, however, defendant was declared a mentally disordered sex offender. The court committed him to the Florida Division of Mental Health and suspended his life sentence.
Defendant complains that the “benefit” of this sex offender act after a trial and conviction comes late; that he is denied equal protection and that therefore § 917.12 is unconstitutional because it is not afforded to a defendant in a capital case prior to trial. The result appears to have been the same, that he received the advantage of the act in any event and is not now in a position to complain. Actually, should we grant this contention and declare the act unconstitutional and void as not providing “equal protection,” then defendant would find himself without the advantage he has now obtained under the act and he would be serving his life sentence instead. Moreover, the complaint of unequal protection does not appear to be a valid one inasmuch as the statute meets the usual test of “reasonable classification” [3] in dealing with capital and non-capital offenders. This is a very definite and clear difference of categories which can reasonably be applied, and it has been here.
The act is provided not only for the benefit of society but for the benefit of the offender, in providing him with a means of treatment as one in this unfortunate position.
*18 Prior decisions of this Court have settled the question of bifurcated trial[4] and a new legislative provision, which permits such bifurcated trials, renders this point moot, effective October 1, 1972.[5]
“Cruel and unusual punishment” in providing a death penalty as a possible punishment under § 794.01 is next asserted. This is rendered moot by the fact that such penalty was not invoked, the jury having recommended mercy, thereby preventing any application of such alleged “cruel and unusual punishment.” Counsel argues further, however, that despite this, it is a violation of due process for the jury to be permitted to make this determination of death or mercy. We do not agree. The statute expressly so provides and has been upheld.[6]
The Court granted defendant’s requested charge on the other lesser offenses of assault with intent to commit rape, attempted rape, assault and battery, bare assault and fornication. We do not know why aggravated assault was stricken from the requested charge, but there was no error in refusing to give this charge in light of the fact that defendant was convicted of the principal charge of rape and the jury did not see fit to bring him within one of the intervening lesser offenses charged of assault with intent to commit rape or attempted rape and accordingly this would be harmless error in accordance with Delaine v. State, 262 So.2d 655 (Fla.1972), On Rehearing Granted. (Filed May 3, 1972) The refused aggravated assault charge, if it applied, was accordingly too far removed from the conviction for rape to have been harmful error. We have read the rather extensive charges of the able trial judge which amply covered the issues and evidence and find no error in this respect.
Finding no other basis for reversal, the judgment is
Affirmed.
ROBERTS, C. J., and ERVIN, CARLTON, ADKINS, BOYD and McCAIN, JJ., concur.

. The new § 794.01 (1971) deletes this former discretionary “or for any term of years” and provides only “life” in event of recommendation of mercy.

. Paramore v. State, 238 So.2d 604 (Fla.1970); Thomas v. State, 167 So.2d 309 (Fla.1964); and Flowers v. State, 152 Fla. 649, 12 So.2d 772 (1943); cert. denied, 320 U.S. 767, 64 S.Ct. 49, 88 L.Ed. 458, rehearing denied, 320 U.S. 811, 64 S.Ct. 77, 88 L.Ed. 490.

. McKee v. State, 203 So.2d 321 (Fla.1967); and Greene v. State, 238 So.2d 296 (Fla.1970).

. Barlow v. Taylor, 249 So.2d 437 (Fla.1971); Campbell v. State, 227 So.2d 873 (Fla.1969); and Craig v. State, 179 So.2d 202 (Fla.1965), cert. denied, 383 U.S. 959, 86 S.Ct. 1224, 16 L.Ed.2d 301.

. Chapter 72-72, Laws of Florida (1972).

. Craig v. State, 179 So.2d 202 (Fla.1965), cert. denied 383 U.S. 959, 86 S.Ct. 1224, 16 L.Ed.2d 301.