277 So.2d 13 (1973)
Joseph Kenneth DEAN, Appellant,
v.
STATE of Florida, Appellee.
No. 42163.
Supreme Court of Florida.
April 25, 1973.
Michael F. Cycmanick and James M. Russ, Orlando, for appellant.
Robert L. Shevin, Atty. Gen., and Michael M. Corin, Asst. Atty. Gen., for appellee.
ADKINS, Justice.
This is a direct appeal from the Circuit Court of Seminole County which passed directly on the validity of Fla. Stat. § 794.01, F.S.A., the rape statute under which appellant, Joe Kenneth Dean was charged. We have jurisdiction of the cause pursuant to Fla. Const., art. V, § 3(b)(1), F.S.A.
Dean was convicted of forcible rape with a recommendation of mercy. Dean was then committed as a mentally disordered sex offender under Fla. Stat. § 917.12, F.S.A. (now Fla. Stat. §§ 917.13-917.28, F.S.A.), as he had already been thus adjudicated in a prior rape trial. The mechanics of the offense were that Dean, by offering to purchase a car being advertised by the victim and her husband, induced the victim to enter his car so that he could go for the purchase money. After they were alone in the car, Dean patted the victim's stomach and commented on her pregnant *14 condition. When he told her to move over next to him she refused, until he produced a pistol. He proceeded, after fondling the victim, to have intercourse with her. When asked why she did not resist, she said she was scared. On this evidence, and the testimony of four other victims of Dean's attentions that showed an identical procedure in each instance, Dean was found guilty of rape.
Dean raises several issues upon which he urges reversal of his conviction. Most of the issues have already been considered in the case arising from Dean's earlier conviction for rape, and all of the issues are uniformly without merit.
We have considered our finding in Dean v. State, 265 So.2d 15 (Fla. 1972), as to the constitutionality of Fla. Stat. § 794.01, F.S.A., and reaffirm that position.
As in Dean v. State, supra, the challenge to the sufficiency of the evidence obviously fails upon a reading of the testimony which aptly supports the necessary display of force. The trial judge gave the applicable standard jury instructions approved by this Court, and we can find no error in refusing to go beyond the standard instructions to those requested by Dean.
Only one issue raised by Dean remains which was not effectively covered in his earlier hearing before this Court. That is the admission of lengthy testimony of the four other victims of Dean's attacks in the trial for the attack on the victim who was the prosecuting witness in the present action.
The leading case in Florida on the admission of evidence of other crimes is Williams v. State, 110 So.2d 654 (Fla. 1959). In Williams, a rape conviction, testimony of another girl who had discovered the accused in her car was admitted. The accused, in that case, ran when the girl screamed. The same method had been utilized in the case in which Williams had succeeded in his plans, except that he had not been discovered. Under these facts, the Court held that the testimony of the near-victim had been properly admitted.
The general rule, taken from Williams v. State, supra, is:
"[E]ven though evidence tending to reveal the commission of a separate and wholly independent offense was inadmissible, nevertheless, evidence revealing other crimes is admissible if it casts light upon the character of the act under investigation by showing motive, intent, absence of mistake, common scheme, identity or a system or general pattern of criminality so that the evidence of the prior offenses would have a relevant or a material bearing on some essential aspect of the offense being tried." 110 So.2d 654, at 662.
In the case sub judice, all four witnesses testified that Dean had gotten them into his car by trick, had started to approach them and, upon rejection, had pulled a gun. All four testified that it was the presence of the gun which had silenced their protests and stilled their resistance. In each case, Dean had then fondled the girls before raping them. Under the circumstances of the case, although the evidence did establish four separate crimes, we hold that it was relevant and thus admissible. There was no error.
Accordingly, the judgment is
Affirmed.
It is so ordered.
CARLTON, C.J., and ROBERTS, ERVIN, BOYD, McCAIN and DEKLE, JJ., concur.