338 So.2d 873 (1976)
William Ray WILLIAMSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 75-1845.
District Court of Appeal of Florida, Third District.
October 19, 1976.
Rehearing Denied November 12, 1976.
*874 Phillip A. Hubbart, Public Defender, and Mallory Horton, Special Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Ira N. Loewy, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Defendant-appellant was informed against, tried by jury and found guilty of involuntary sexual battery, and possession of a firearm while engaged in a felony.
Defendant raises some seven points on appeal, only one of which is worthy of discussion, to wit: The trial court committed reversible error by not instructing the jury on the issue of consent and proof in the case. Defendant argues that since the testimony of the prosecutrix is not supported by other evidence, the trial judge should have specifically instructed the jury to rigidly examine her testimony, especially as it related to the nature and extent of the force used and as it related to the question of whether or not consent was ever given.
In 1974 the legislature passed a new statute abolishing the crime of rape and establishing the new crime of sexual battery. Section 794.011, Florida Statutes (1974). The standard jury instructions were amended with regards to this statute and the revised instructions no longer provide for the necessity of giving the jury a specific instruction that the testimony of the prosecutrix must be rigidly examined. It is within the discretion of the trial judge to render such an instruction. See Fla.R. Crim.P. 3.985. The judge gave the applicable standard jury instructions approved by our Supreme Court and we can find no error in refusing to go beyond the standard instructions to those requested by the defendant. See Dean v. State, 277 So.2d 13 (Fla. 1973).
Affirmed.