388 So.2d 357 (1980)
Leonard F. HICKS, Appellant,
v.
STATE of Florida, Appellee.
No. 80-738.
District Court of Appeal of Florida, Second District.
October 1, 1980.
Jack O. Johnson, Public Defender, and Douglas A. Lockwood, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James S. Purdy, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
A jury found appellant guilty of aggravated battery and sexual battery with force not likely to cause physical injury. He was convicted primarily upon the testimony of the victim. Nevertheless, the court did not err in declining to charge the jury to treat the uncorroborated testimony of the victim with caution. Pendleton v. State, 348 So.2d 1206 (Fla. 4th DCA 1977); Williamson v. State, 338 So.2d 873 (Fla. 3d DCA 1976); § 794.022(1), Fla. Stat. (1979).
The court sentenced appellant to concurrent fifteen and five year terms of imprisonment, and the sentencing order stated that the "court maintains jurisdiction over defendant." Section 947.16(3), Florida Statutes (1979), provides that where a defendant is convicted of certain enumerated offenses a trial judge may retain jurisdiction over the defendant for the first one-third of his sentence. However, subsection (a) of that section requires that where a judge chooses to do so he must state on the record his justification with "individual particularity." While sexual battery and aggravated *358 battery are both among the contemplated offenses, here the trial judge failed to note any justification for his retention of jurisdiction on the sentencing order. The transcript of the sentencing hearing is also silent in this regard.
Accordingly, we remand the case to the court with instructions either to relinquish jurisdiction over the appellant or to include in the record the justification for the retention of jurisdiction. Otherwise, we affirm the judgments and sentences.
SCHEB, C.J., and CAMPBELL, J., concur.