396 So.2d 1234 (1981)
Ross Edmund LaCHANCE, Appellant,
v.
STATE of Florida, Appellee.
No. 80-892.
District Court of Appeal of Florida, Second District.
April 22, 1981.
*1235 Jerry Hill, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James S. Purdy, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
Appellant appeals from the trial court's order entered after a jury trial adjudicating him guilty of second degree murder and sentencing him to thirty years in prison, subject to the three-year mandatory minimum sentence, with the court retaining jurisdiction over one-third of the sentence.
Appellant challenges whether the circumstantial evidence in the case was sufficient to support the verdict and whether the trial court erred in retaining jurisdiction over one-third of the sentence because the court failed to make findings of fact as required by the statute.
We reject appellant's contention that the evidence was insufficient to support a verdict of second degree murder. Although appellant presented some evidence supporting an allegedly reasonable hypothesis of innocence, the hypothesis was rebutted in almost every instance by other evidence produced by the State and therefore we affirm appellant's conviction.
We believe appellant's second contention to be meritorious. Section 947.16(3)(a), Florida Statutes (1979)[1], allows a trial judge to retain jurisdiction over one-third of a defendant's sentence after a conviction of second degree murder. However, that statute requires the trial judge to state with individual particularity justification for such retention on the record before such a retention can be made. See also Hicks v. State, 388 So.2d 357 (Fla. 2d DCA 1980); Tompkins v. State, 386 So.2d 597 (Fla. 5th DCA 1980).
In the case at hand, although the state attorney stated on the record at sentencing several reasons why the trial judge might have retained jurisdiction, the trial judge made no findings of fact and justification on the record before retaining such jurisdiction. Because of this, the trial judge was not legally empowered to retain jurisdiction over one-third of appellant's sentence.
Accordingly, the judgment and sentence of appellant are affirmed. However, the order of retention over the first one-third of appellant's sentence is vacated and the cause is REMANDED with directions that the trial judge make findings of fact and justification, with individual particularity, as is required by section 947.16(3)(a), Florida Statutes (1979), retaining jurisdiction over one-third of appellant's sentence.
SCHEB, C.J., and CAMPBELL, J., concur.
NOTES
[1] 947.16(3)(a). In retaining jurisdiction for the purposes of this act, the trial court judge shall state the justification with individual particularity, and said justification shall be made a part of the court record.