SHARP, Judge.
Knight was convicted of armed robbery and was sentenced immediately after his jury trial to a thirty (30) year “split” sentence consisting of fifteen (15) years in prison and fifteen (15) years thereafter on probation. Two weeks after the trial, the State requested that the court retain jurisdiction over the first one-third of the sentence pursuant to section 947.16(3), Florida Statutes (1979). The court entered an order retaining jurisdiction, and Knight appeals the order and judgment.
Section 947.16(3) provides that where a defendant is convicted of certain specified crimes, a trial judge may “at the time of sentencing” enter an order retaining jurisdiction over the defendant for the first one-third of the maximum sentence imposed for the highest felony charged and proven. Florida Rule of Criminal Procedure 3.800 provides that a court may reduce a legal sentence imposed by it within sixty (60) days. Retention of jurisdiction over an offender under section 947.16(3) is not a “reduction” of sentence, but rather it constitutes a modification which enhances the severity of the sentence.
We therefore conclude that the order seeking to retain jurisdiction over Knight was entered without jurisdiction. If such an order is going to be entered, it must be done at the time of sentencing. The order retaining jurisdiction is reversed. Gonzalez v. State, 384 So.2d 57 (Fla. 4th DCA 1980); Petters v. State, 350 So.2d 558 (Fla. 2d DCA 1977).
Further, in view of Villery v. The Florida Parole and Probation Commission, 396 So.2d 1107 (Fla.1981), we remand this cause to the trial court for correction of the “split sentence” consistent with the dictates of the Florida Supreme Court. In all other respects the judgment is affirmed.
REVERSED in part and REMANDED.
COBB and COWART, JJ., concur.