400 So.2d 1015 (1981)
Earl SANDERS, Appellant,
v.
STATE of Florida, Appellee.
Nos. 80-1891, 80-1968.
District Court of Appeal of Florida, Second District.
June 26, 1981.
Jerry Hill, Public Defender, Bartow, and Robert F. Moeller, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and James S. Purdy, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant pled guilty to robbery with a weapon and robbery with a firearm. Adjudication of guilt on both charges was withheld, and appellant was placed on fifteen years probation on each charge, to run concurrently.
Subsequently, appellant admitted violating the terms and conditions of his probation at a revocation of probation hearing. The trial judge adjudicated appellant guilty on both charges and sentenced him to serve ninety-nine years in prison on each, to run concurrently. The court retained jurisdiction over one third of appellant's sentences.
Robbery with a weapon is a first degree felony, § 812.13(2)(b), Fla. Stat. (1979), punishable by a maximum sentence of thirty years. § 775.082(3)(b), Fla. Stat. (1979). The information for this robbery did not allege the use of a firearm or deadly weapon, which would have made a life sentence permissible under section 812.13(2)(a), Florida Statutes (1979). Miller v. State, 370 So.2d 73 (Fla.2d DCA 1979).
*1016 Also the sentencing order stated that "Judge Coe retains jurisdiction for one third of sentence" pursuant to section 947.16(3), Florida Statutes (1979). However, this statute requires the trial judge to state with individual particularity justification for such retention on the record before such a retention can be made. See LaChance v. State, 396 So.2d 1234 (Fla.2d DCA 1981); Hicks v. State, 388 So.2d 357 (Fla.2d DCA 1980). Here the trial judge failed to note any justification for his retention of jurisdiction on the sentencing order. The transcript of the sentencing hearing also provides us with no help.
Accordingly, we remand the case with instructions to reduce appellant's sentence to thirty years for his conviction of robbery with a weapon. The sentence of ninety-nine years on the charge of robbery with a firearm is affirmed; however, it is remanded to the lower court with instructions to either relinquish the retention of jurisdiction over the one third of appellant's sentence or to make findings of fact and justification, with individual particularity, as is required by section 947.16(3)(a), Florida Statutes (1979), to justify the retention of jurisdiction.
SCHEB, C.J., and GRIMES and CAMPBELL, JJ., concur.