PER CURIAM.
Appellant appeals the denial of his motion for post conviction relief in which he charged that the trial court erroneously failed to follow the requirements of Section 947.16(3)(a), Florida Statutes (1979) in entering its order retaining jurisdiction for the first one-third of appellant’s sentence. After review of the record, we must agree with appellant that the trial judge failed to state, with particularity, his justification for retaining jurisdiction over appellant for review of any parole commission release order. Ordinarily, the appropriate remedy for this omission would be remand to the trial judge to make the required findings. Tompkins v. State, 386 So.2d 597 (Fla. 5th DCA 1980). However, it has come to our attention that Section 947.16(3)(a) was enacted subsequent to the commission of the offenses for which appellant was sentenced in the present case. Thus retroactive application of the statute would be ex post facto in effect and would violate appellant’s constitutional rights. State v. Williams, 397 So.2d 663 (Fla.1981).
Accordingly, we reverse the denial of appellant’s motion and remand for proceedings consistent with this opinion.
McCORD, LARRY G. SMITH, and WENTWORTH, JJ., concur.