PER CURIAM.
Upon the review of the briefs and record on appeal, we find that the appellant has failed to demonstrate any reversible error; therefore, the revocation of appellant’s probation is affirmed. However, the order revoking appellant’s probation did not recite which condition or conditions of the appellant’s probation were violated. This should have been done. Sing Eng v. State, 350 So.2d 559 (Fla. 2d DCA 1977); Dunlap v. State, 405 So.2d 796 (Fla. 2d DCA 1981).
Additionally, in adjudicating the appellant guilty the trial court retained jur *834 isdiction over one-third of the appellant’s sentence. Section 947.16(3)(a), Florida Statutes (1981), requires that a trial court must state the reasons for retaining jurisdiction over an individual and make the justification part of the court record. A trial judge must state with particularity the justification for retention of jurisdiction before such a retention can be made. Sanders v. State, 400 So.2d 1015 (Fla. 2d DCA 1981). The trial court failed to make findings of facts supporting retention of jurisdiction a part of the record.
Accordingly, we remand for correction of the written order to include those specific conditions which were found to have been violated by the trial court. Furthermore, this case is remanded to the trial court with instructions to either relinquish the retention of jurisdiction over the one-third of the appellant’s sentence or to make findings of fact and justification, with individual particularity, to justify the retention of jurisdiction.
OTT, C. J., and HOBSON and RYDER, JJ., concur.