RYDER, Judge.
We affirm appellant’s convictions and sentences for first degree burglary and involuntary sexual battery, finding no merit to seven of appellant’s eight points on appeal. However, as to the appellant’s final contention, we agree with appellant that the trial judge erred in retaining jurisdiction over the first one-third of appellant’s sentences as the trial court failed to state the justification as required by the statute.
A trial judge is allowed to retain jurisdiction over the first one-third of a defendant’s sentence upon conviction of burglary of a dwelling in which a human being is present and/or sexual battery. § 947.16(3), Florida Statutes (1981). However, in retaining jurisdiction, the trial judge is required to state with individual particularity justification for such retention on the record. § 947.16(3)(a), Florida Statutes (1981).
In the instant case, the trial judge was statutorily entitled to retain jurisdiction over the appellant, provided that he stated with individual particularity the justification upon which the retention was based. Here, the justification is absent from the record so the trial judge was not legally empowered to retain jurisdiction over one-third of appellant’s sentences. LaChance v. State, 396 So.2d 1234 (Fla. 2d DCA 1981).
Accordingly, the judgments and sentences of appellant are AFFIRMED. However, the orders of retention over the first one-third of appellant’s sentences are vacated and the cause is REMANDED with directions that if the trial judge wishes to retain jurisdiction over one-third of appellant’s sentences, he may state on the record the justification, with individual particularity, as is required by section 947.16(3)(a), Florida Statutes (1981).
GRIMES, A. C. J., and DANAHY, J., concur.