504 So.2d 1267 (1986)
Mark WATSON, Appellant,
v.
STATE of Florida, Appellee.
No. BH-354.
District Court of Appeal of Florida, First District.
December 2, 1986.
*1268 Michael Allen, Public Defender, Terry P. Lewis, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., John M. Koenig, Jr., Asst. Atty. Gen., for appellee.
MILLS, Judge.
In this appeal from a conviction for sexual battery with great force, the following issues are presented for our consideration: (1) whether the trial court erred in denying Watson's motions for a mistrial based on alleged improper comments by a state witness and by the prosecutor on Watson's right to remain silent; (2) whether the trial court erred in refusing to give Watson's proposed jury instructions; (3) whether the trial court erred in determining that Watson was a habitual offender when the court specifically found it was not necessary for the protection of the public to sentence Watson pursuant to the habitual felony offender statute; and (4) whether the trial court erred in departing from the recommended guidelines sentence. We affirm Watson's conviction but reverse the sentence imposed thereon.
As to the first issue raised, any comment on an accused's exercise of his right to remain silent is reversible error, without regard for the harmless-error doctrine. Bennett v. State, 316 So.2d 41 (Fla. 1975). However, for Bennett to apply, the accused must have exercised his right to remain silent. Donovan v. State, 417 So.2d 674 (Fla. 1982).
In the present case, Watson was given a Miranda warning at the scene of the crime but waived his right to remain silent by voluntarily making exculpatory statements to Officer Patricia Malloy. While at the station in a holding cell, Watson again requested to speak to Officer Malloy. In response, Officer Malloy reminded Watson of his Miranda rights and he proceeded to make further exculpatory statements.
Herein, Watson contends that Officer Malloy's statement, "I asked the defendant if he had anything further to say to me. He indicated that he did not ...," was an improper comment on his silence. However, clearly Watson had not invoked his right to remain silent and the officer's comment was only meant to indicate that at the end of the defendant's statement to her, he communicated he had nothing further to say. See, Gosney v. State, 382 So.2d 838 (Fla.5th DCA 1980) (whether a comment is improper depends upon the full context in which it was made and whether the jury could fairly conclude it was a comment on the defendant's right to remain silent).
The other remark which Watson claims was highly prejudicial was that made by the prosecutor during closing arguments:
[T]he strangulation marks on the neck. Now, the Defendant would like to have you believe after hearing the evidence that's before you today: Oh, I can explain that. Yes, I believe I did have my hands down there when I was making love to her.
The interesting part is that's the first time you heard it was yesterday in this Court. Where was that explanation before?
Again, we do not believe this can be construed as an improper remark on Watson's silence because the defendant did not invoke his right to remain silent. Rather, this prosecutorial remark seems aimed at pointing out the inconsistencies in Watson's *1269 exculpatory statements. Hence, we find no error under this issue.
Secondly, Watson maintains the jury could have found the victim was so drunk on the night of the assault that she could not or did not effectively communicate to him that she did not wish to have sexual intercourse; and, therefore, it was error for the trial court to refuse to give one of the following requested instructions to the jury:
(1) The first instruction mirrored the standard jury charge for sexual battery and then added this clause:... and the circumstances were such that either [the victim] effectively communicated her refusal to Mark Watson, or that Mark Watson reasonably should have known that [the victim] was refusing.
(2) The crime of sexual battery must be committed intentionally. The State must prove beyond a reasonable doubt that the assailant knew he was acting without the consent of the alleged victim.
(3) In the case where no other person was an immediate witness to the alleged act, the testimony of the complainant should be rigidly scrutinized.
It is axiomatic that a defendant is entitled to a jury instruction on the theory of his defense if there is evidence in the record to support it. Palmes v. State, 397 So.2d 648 (Fla. 1981), cert. denied, 454 U.S. 882, 102 S.Ct. 369, 70 L.Ed.2d 195 (1981). However, if a requested jury instruction is an incorrect statement of the law, it is not error for a trial court to refuse to give it. Holley v. State, 423 So.2d 562 (Fla. 1st DCA 1982).
As to the first two requested instructions, whether a defendant knew or should have known that the victim was refusing sexual intercourse is not an element of the crime of sexual assault as defined in Section 794.011(3), Florida Statutes (1983). Accordingly, we find no error in the trial court's refusal to go beyond the standard jury instruction as to these. See, Dean v. State, 277 So.2d 13 (Fla. 1973) (in prosecution for rape, court did not err in refusing to go beyond standard jury instructions); Williamson v. State, 338 So.2d 873 (Fla. 3d DCA 1976).
As concerns the third requested instruction, it has been specifically rejected by this court in Marr v. State, 470 So.2d 703 (Fla. 1st DCA 1985), pet. for rev. dism., State v. Marr, 475 So.2d 696 (Fla. 1985) (instruction that, where there are no witnesses to alleged act, testimony of rape victim should be "rigidly scrutinized," is plainly erroneous and not the law of this state). Accord, Pendleton v. State, 348 So.2d 1206 (Fla. 4th DCA 1977) and Hicks v. State, 388 So.2d 357 (Fla. 2d DCA 1980).
The next issue concerns a separate order entered in this cause wherein the trial court found:
Although this defendant meets the definition of a "habitual felony offender" this Court, in considering all the evidence adduced, is of the view that the life sentence which appears to be mandated by F.S. § 775.084(4)(a) is not necessary for the protection of the public. It is, therefore, ORDERED AND ADJUDGED that the defendant, Mark Wesley Watson, is a habitual felony offender, however, the Court will not sentence the defendant under the provisions of F.S. § 775.084.
In response to this order, Watson advances two arguments: first, the habitual offender statute, Section 775.084, Florida Statutes (1983), only provides for enhancement of first, second and third degree felonies and therefore it is inapplicable to a defendant, such as Watson, who is convicted of a life felony; and second, it was error for the trial court to find it was not necessary for the protection of the public to sentence Watson under the statute, and then depart from the sentencing guidelines based on his status as a habitual offender. The second argument advanced will be treated in context under the next point.
As concerns the first argument, the statute under which Watson was sentenced, Section 794.011(3), provides that the crime of sexual battery with great force is a life felony punishable as provided in Sections 775.082, 775.083 or 775.084, Florida Statutes. Section 775.084 is the habitual offender statute. Hence, this argument is *1270 without merit. While the legislature did not directly set out how a life felony is to be enhanced in Section 775.084, presumably it was their intent that it be enhanced in the same manner as a first degree felony, the highest offense covered. This of course means that if the trial court found it necessary, for the protection of the public, to sentence Watson under Section 775.084, it would have no choice but to impose a life sentence. However, in the present case, the trial judge specifically found that a life sentence was not necessary for the public's protection, and consequently chose not to sentence Watson pursuant to the statute. No error was committed by the trial court; it was merely responding to the State's request to make a finding of habitual offender status.
The final issue raised herein concerns the sufficiency of the reasons given by the trial court for its deviation from the recommended sentence under the guidelines. The first reason, that Watson was found to be a habitual felony offender pursuant to a separate proceeding, was held invalid in the recent case of Whitehead v. State, 498 So.2d 863 (Fla. 1986). Likewise, the third reason, the psychological and emotional trauma suffered by the victim, was held not to be a valid basis for departure in Lerma v. State, 497 So.2d 736 (Fla. 1986). As the Supreme Court opined in Lerma, "emotional hardship can never constitute a clear and convincing reason to depart in a sexual battery case because nearly all sexual battery cases inflict emotional hardship on the victim." In contrast, the second justification given by the trial court was upheld as valid in the case of Weems v. State, 469 So.2d 128 (Fla. 1985), to wit: juvenile dispositions which are over three years old are properly considered in departure from the guidelines.
The departure sentence sub judice being grounded on both permissible and impermissible reasons, puts this court in the position of having to determine whether the State has proven beyond a reasonable doubt that the absence of the impermissible reasons would not have affected the trial court's decision to depart from the guidelines. Albritton v. State, 476 So.2d 158 (Fla. 1985). We find the State has not carried this burden and, accordingly, reverse and remand for resentencing. In so doing, we caution the trial court to be mindful of the recent Florida Supreme Court opinion of State v. Mischler, 488 So.2d 523 (Fla. 1986), wherein the Court held that reasons, such as number three herein, which are inherent components of the crime can never support a departure sentence. See also, Rousseau v. State, 489 So.2d 828 (Fla. 1st DCA 1986).
Sentence reversed and remanded for resentencing.
BOOTH, C.J., and WENTWORTH, J., concur.