593 So.2d 1049 (1992)
STATE of Florida, Petitioner,
v.
Donald WALKER, Respondent.
No. 78193.
Supreme Court of Florida.
March 5, 1992.
Robert A. Butterworth, Atty. Gen., and Joan Fowler, Sr. Asst. Atty. Gen., Bureau Chief, and Georgina Jimenez-Orosa, Asst. Atty. Gen., West Palm Beach, for petitioner.
Richard L. Jorandby, Public Defender and Tanja Ostapoff, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for respondent.
PER CURIAM.
We originally accepted for review Walker v. State, 580 So.2d 281 (Fla. 4th DCA 1991), based on conflict jurisdiction. See art. V, § 3(b)(3), Fla. Const. After further consideration, we have determined that jurisdiction was improvidently granted.
In Walker the Fourth District held that life felonies are not subject to enhancement under the habitual offender statute, section 775.084, Florida Statutes (1989). In 1986 the First District had reached the opposite conclusion in Watson v. State, 504 So.2d 1267, 1270 (Fla. 1st DCA 1986), review denied 506 So.2d 1043 (Fla. 1987). However, in 1990, the First District held in Johnson v. State, 568 So.2d 519, 520 (Fla. 1st DCA 1990), that life felonies are not subject to the provisions of the habitual offender statute. This holding is consistent with the holding in Walker. Consequently, the cited decisions present no direct and express conflict as required by article V, section 3(b)(3) of the Florida Constitution. See Little v. State, 206 So.2d 9, *1050 10 (Fla. 1968) (holding that in the result of intradistrict conflict, the decision later in time overrules the former as the decisional law in the district).
Accordingly, this Court is without jurisdiction to hear this cause and the case is hereby dismissed.
It is so ordered.
SHAW, C.J., and OVERTON, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
McDONALD, J., dissents.