BOOTH, Judge,
concurring in part and dissenting in part:
I agree with the majority that appellant’s life felony conviction and departure sentence should be affirmed, but dissent from the holding that the habitual offender classification of Section 775.084, Florida Statutes (1985), does not apply. In Burdick v. State, 594 So.2d 267, 269 (Fla.1992), the Supreme Court stated:
Clearly, the legislature intended first-degree felonies punishable by life imprisonment to be punished more severely than ordinary first-degree felonies. However, if first-degree felonies punishable by life were not subject to enhancement under the habitual offender statute, then defendants convicted of first-degree felonies who were sentenced under the habitual offender statute would potentially receive harsher sentences than defendants convicted of first-degree felonies punishable by life who received guidelines sentences.
I would adopt the rationale of Burdick, supra, and follow Lamont v. State, 597 So.2d 823 (Fla. 3d DCA 1992) (en banc), and Watson v. State, 504 So.2d 1267 (Fla. 1st DCA 1986), review denied, 506 So.2d 1043 (Fla.1987), cases holding that life felonies *1227 are subject to enhancement under the habitual offender statute.[1] Any other holding leads to absurd results. Accordingly, I would affirm the convictions and sentences below.

. This court should recede from Johnson v. State, 568 So.2d 519 (Fla. 1st DCA 1990), and progeny, including Gholston v. State, 589 So.2d 307 (Fla. 1st DCA 1990).