ERVIN, Judge.
Appellant, Kenneth Lang, appeals from an order denying his motion to correct an illegal sentence, contending that the trial court erred in entering an order retaining jurisdiction over one-third of his sentence without providing justification for the retention at the time of sentencing, contrary to Section 947.16(3), Florida Statutes (Supp. 1982). We affirm.
When appellant was sentenced on November 9, 1982, section 947.16(3) authorized trial judges “at the time of sentencing ... [to] enter an order retaining jurisdiction over the offender for review of a commission release order.” In so doing, the trial judge was required to “state the justification [for retention] with individual particularity.” Section 947.16(3)(a), Fla. Stat. (Supp.1982).
In imposing appellant’s 30-year sentence, the trial court checked the box on the sentencing form authorizing him to retain jurisdiction over appellant for review of a parole commission release order during a ten-year period. The form also stated: “The requisite findings of the Court are set forth in a separate order or stated on the record in open court.” Apparently realizing that he had not stated the requisite findings in open court or in a separate order, the trial judge, 29 days after sentencing, entered a written order stating his grounds for retaining jurisdiction over the first one-third of appellant’s sentence.
While a trial court may not modify a sentence under Florida Rule of Criminal Procedure 3.800 [1], so as to retain jurisdiction when such had not been done at the time of sentencing, see Hayes v. State, 400 So.2d 519 (Fla. 3d DCA 1981), and Knight v. State, 398 So.2d 833 (Fla. 5th DCA 1981), we see no reason why the trial court may not legally modify a sentence which retained jurisdiction at the time of sentencing, but which simply failed to state the justification therefor. In so saying, we note that if appellant had filed a direct appeal prior to the entry of the order giving the justification for the retention, his remedy would simply have been a reversal of the retention portion and a remand of the case to the trial court to give it an opportunity to justify its retention of jurisdiction. See, e.g., Young v. State, 406 So.2d 1249 (Fla. 1st DCA 1981); Mathis v. State, 417 So.2d 1178 (Fla. 2d DCA 1982); Brisco v. State, 417 So.2d 833 (Fla. 2d DCA 1982); Rosa v. State, 412 So.2d 891 (Fla. 3d DCA 1982); Sanders v. State, 400 So.2d 1015 (Fla. 2d DCA 1981).
Because the trial court modified the retention portion of the sentence within 60 days after the sentence had been entered, and, as appellant does not argue that the court’s reasons do not comply with the particularity requirement of section 947.-16(3)(a), the order denying the motion to correct the sentence is
AFFIRMED.
BOOTH and WEBSTER, JJ., concur.

. Rule 3.800(b) allows a trial court to modify a legal sentence imposed by it within 60 days after such imposition.